# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JULIO CESAR CABALLERO
BARRAZA, and SARAHI RIVERA FLORES,**

       **Plaintiffs,**

**v.**                                       **Cause No._____**

**NEW MEXICO DEPARTMENT OF PUBLIC SAFETY;
GORDEN E. EDEN, Secretary of Department of
Public Safety in his individual and official capacities;
NEW MEXICO STATE POLICE; CHIEF ROBERT
SHILLING in his individual and official capacities;
MAJOR DAVID MARTINEZ of the Investigations Bureau
in his individual and official capacities; CAPTAIN JUAN
MARTINEZ in charge of the North Zone Investigations
Bureau in his individual and official capacities; and
SERGEANT CHRIS VALDEZ in his individual and official
capacities; AGENT LORENZO AGUIRRE in his individual and
official capacities; AGENT JOEY GALLEGOS in his individual
and official capacities; and OFFICER MICHAEL DIAS in his
individual and official capacities,**

       **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
## TORTS CLAIMS, AND DAMAGES

COME NOW the Plaintiffs, Julio Cesar Caballero and Sarahi Rivera Flores, through their

counsel of record, Noble & Vrapi, P.A., and bring this Complaint for violation of their civil

rights under the Fourth Amendment and Fourteenth Amendments to the United States

Constitution, and 42 U.S.C. § 1983, and for torts under the New Mexico Tort Claims Act.

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over state law claims.  Venue is proper in this district, as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico.  Plaintiffs' causes of action arose in Rio Arriba County, New Mexico.

## PARTIES

2.       Plaintiff Julio Cesar Caballero Barraza (hereinafter "Plaintiff Caballero") is a resident of the State of New Mexico.

3.       Plaintiff Sarahi Rivera Flores (hereinafter "Plaintiff Rivera") is a resident of the State of New Mexico.

4.       On information and belief, defendant Gorden E. Eden is a New Mexico resident and was at all relevant times herein acting as the New Mexico Secretary of Public Safety.

5.       On information and belief, Defendants Robert Shilling, David Martinez, and Juan Martinez are New Mexico residents and were at all relevant times herein employees and supervisors of the New Mexico State Police, a governmental agency operated by the New Mexico Department of Public Safety.

6.       On information and belief Defendants Chris Valdez, Lorenzo Aguirre, and Joey Gallegos are New Mexico Residents, and were at all relevant times herein Agents of the Investigations Bureau of the New Mexico State Police, a governmental agency operated by the New Mexico Department of Public Safety.

7.       On information and belief, Defendant Michael Dias is a New Mexico Resident, and was at all relevant times herein a uniformed officer with the New Mexico State Police, a governmental agency operated by the New Mexico Department of Public Safety.

## FACTUAL BACKGROUND

8.    On or about October 20, 2010, Plaintiff Caballero had a verbal dispute with an acquaintance, Dulces Rivera, in front of his home in Espanola, NM.

9.    When Plaintiff Caballero refused to give Mr. Rivera some documents that he wanted, Mr. Rivera said something to the effect of, "*They* are going to come and talk to you," but did not specify who "*they*" referred to, and Mr. Rivera walked away.

10.    Minutes later a Ford truck drove up with Defendants Lorenzo Aguirre and Sergeant Chris Valdez inside.  Defendant Aguirre got out of the truck, dressed as an undercover officer but with his state police issued weapon on his person, approached Plaintiff Caballero with Mr. Rivera while Plaintiff Caballero stood in front of his home  Defendant Aguirre asked for Plaintiff's identification.

11.    As Plaintiff retrieved his identification, a marked State Police unit drove up to the residence, and a uniformed officer, later identified as Officer Michael Dias, got out and approached Plaintiff Caballero, Mr. Rivera, and Defendant Aguirre.

12.    Plaintiff handed Defendant Aguirre his identification, which Defendant Aguirre retained possession of and Plaintiff was not free to leave.

13.    As Plaintiff Caballero was putting his wallet back into his pocket, Defendant Aguirre told him to give him his money, at which time Defendant Valdez, dressed in a New Mexico State Police issued jacket that read "POLICE" and with his police issued weapon on his person, exited the driver's side of the truck and approached Plaintiff.

14.    Plaintiff asked why he needed to give them his money, Defendants Valdez, Aguirre, and Dias used force to take Plaintiff to the ground, eventually pushing him onto his stomach on the ground and twisting his arm behind his back with force.

15.     Prior to being forcibly taken down, Plaintiff was never asked or instructed to get on the ground.

16.     After being restrained on the ground by Defendant Aguirre, Valdez, and Dias, Defendants Valdez and Aguirre who were positioned on top of Plaintiff, slammed Plaintiff's head into the ground and rubbed his face into the dirt.

17.     Defendant Dias struck Plaintiff repeatedly in the head and neck with a state police issued flashlight and with his fists in Plaintiff Caballero's ribs, side, and stomach as Plaintiff was held down by the other two officers.

18.     Defendant Valdez punched Plaintiff repeatedly in the ribs and stomach.

19.     Defendant Aguirre struck Plaintiff repeatedly in the ribs, side, and stomach.

20.     Defendant Aguirre retrieved a Taser (electroshock weapon) from the back of the Ford truck, which was parked just a few feet away, while Defendant's Valdez and Dias continued to beat Plaintiff who remained restrained and on the ground.

21.     Plaintiff was told in Spanish that he was under arrest, and that he needed to "respect the police" and then Defendant Aguirre tased Plaintiff multiple times while Plaintiff was in handcuffs and held down by the other two officers.

22.     Plaintiff was told repeatedly that he was under arrest and told to give the officers his money.  After approximately four minutes from the initial contact with Defendants, Plaintiff was lifted to his feet in handcuffs and put into the marked unit.

23.     Defendant Dias was with Plaintiff in the unit when Plaintiff Caballero's wife, Plaintiff Rivera, drove up in her vehicle with her eight-year-old daughter and one-year-old son, and opened the garage door remotely so that she could pull in.  Defendants Aguirre and Valdez approached Plaintiff Rivera's car and told her that they were arresting her husband for resisting

arrest.  Both officers were in plain clothes, but were wearing State Police jackets with "Police" written on them that clearly identified who they were.

24.    Plaintiff Rivera got out of the car to speak with the officers about what was happening.  Defendants Valdez and Aguirre entered Plaintiff Rivera's garage and began asking her about where her husband kept his work papers.

25.    Plaintiff Rivera responded that she did not know, and Defendant Valdez responded that he was going to look for them in her house.  Defendant Valdez ordered Defendant Aguirre to go with him, and the two entered Plaintiffs' shared residence without consent and began to look through the house, opening drawers and closets, including the bedroom closet.

26.    While Defendants were searching the house, Defendant Aguirre told Plaintiff Rivera that her husband was "a violent man" and suggested that she make a report to them about Plaintiff Caballero striking her, which was untrue.  Plaintiff Rivera refused to do so.

27.    Defendants proceeded to search in the living room and located Plaintiff Caballero's briefcase, which was closed.  Defendant Valdez opened the briefcase and went through the paperwork inside.   He then closed the briefcase and informed Plaintiff Rivera that they were taking the briefcase.

28.    Defendant Dias drove Plaintiff to the New Mexico State Police sub-station in Espanola, NM, where Defendants Aguirre, Valdez, and Joey Gallegos were waiting.  Defendants Aguirre, Valdez, and Joey Gallegos took Plaintiff Caballero out of the back of the marked unit.

29.    Plaintiff asked why he was being arrested and why the officers wanted his money.  In response Defendant Gallegos kicked Plaintiff in the groin while Plaintiff was still in handcuffs.

30.     Defendant Gallegos said, "You got it? Are you going to follow directions now?" Plaintiff responded, "Yes, sir," and Defendant Gallegos kicked Plaintiff in the groin a second time while Plaintiff was still in handcuffs.

31.     Defendants then reached into Plaintiff's pockets and took all of the cash he had before walking him into the station.

32.     Upon information and belief, the money that was taken from Plaintiff's person was never logged into evidence and it was never returned to Plaintiff.

33.     Upon information and belief, the property taken from Plaintiff's home by Defendants was never logged into evidence and never returned to Plaintiff.

34.     Plaintiff was transported to Tierra Amarilla Detention Center, where an immigration hold was placed on him and Plaintiff was held for approximately five days before he was able to post bond.

35.     Plaintiff was immediately taken into custody of the Immigration and Customs Enforcement ("ICE"), and was taken to Albuquerque, NM for processing and bond determination.  Because of the nature of the charges pending against him, Plaintiff was denied bond at ICE in Albuquerque, NM, and was transferred and detained in Sierra Blanca, Texas for about two months, during which time he was unable to work.

36.     On October 25, 2010, a criminal complaint was filed against Plaintiff, charging three counts of battery and three counts of resisting, evading or obstructing an officer.  This complaint was later dismissed.

37.     On or about January 4, 2011, Defendant Aguirre signed a second criminal complaint, charging Plaintiff with three counts of battery upon a peace officer, three counts of resisting, evading, or obstructing an officer, and one count of embezzlement.  Upon a showing of

the nature of Plaintiff's arrest and actions taken by Defendants, charges against Plaintiff Caballero were dismissed with prejudice.

### COUNT I- UNLAWFUL SEIZURE
### IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
### (DEFENDANTS VALDEZ, AGUIRRE, DIAS)

38.     Plaintiffs incorporate paragraphs 1 through 37 as though fully set forth herein.

39.     Defendants seized Plaintiff Caballero on October 20, 2010, while Plaintiff was in front of his home without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime.

40.     Defendants' actions in seizing Plaintiff and the manner in which Defendants effected the seizure of Plaintiff were objectively unreasonable, intentional, willful, and wanton and done in gross and reckless disregard of Plaintiff's rights.

41.     Defendants were acting at all times under color of state law as law enforcement officers for the New Mexico State Police.

42.     Defendants' unlawful seizure of Plaintiff proximately caused Plaintiff Caballero to suffer damages and injuries.  These damages include physical injuries, pain and suffering, lost liberty, lost wages, legal fees, and psychological and emotional distress.

WHEREFORE, Plaintiff Caballero requests compensatory and punitive damages against Defendants Valdez, Aguirre, and Dias, together with all costs and attorney's fees.

### COUNT II-EXCESSIVE USE OF FORCE
### IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
### (ALL DEFENDANTS)

43.     Plaintiffs incorporate paragraphs 1 through 42 as though fully set forth herein.

44.     Defendants Valdez, Aguirre, and Dias used excessive force in seizing, arresting, and detaining Plaintiff Caballero on October 20, 2010, including but not limited to twisting

Plaintiff's arm behind his back; being pushed onto the ground; having his face slammed into the ground; having his face rubbed into the ground; being struck repeatedly with a heavy flashlight; being struck repeatedly in the head, neck, stomach, ribs, and sides with the officers' fists; being tased repeatedly while in handcuffs; and forcing him into the back of a marked unit.

45.     Defendants Valdez, Aguirre, Dias, and Gallegos used excessive force in detaining and interrogating Plaintiff Caballero in taking him out of the back of the marked unit; and kicking him repeatedly in the groin.

46.     Defendants Valdez, Aguirre, Dias, and Gallegos used this level of force without reasonable suspicion or probable cause to believe that Plaintiff Caballero posed a physical danger to anyone and without giving Plaintiff any instruction or reasonable lawful requests and/or without giving Plaintiff an opportunity to comply with their requests.  Further, the level of force was not proportionate to the circumstances of the arrest.

47.     Defendants were acting at all times under color of state law as law enforcement officers for the New Mexico State Police.

48.     Defendant Valdez was the ranking officer and was acting as a supervisor at the time that the officers used excessive force against Plaintiff Caballero and observed all actions taken by his subordinate officers.

49.     The Department of Public Safety and its secretary Gorden E. Eden, is vested with the authority to make public policy for the New Mexico State Police on the use of force in making arrests.

50.     The New Mexico State Police and Chief Robert Shilling, Major David Martinez, Captain Juan Martinez, and Sergeant Chris Valdez were all charged with enforcing stated

policies regarding use of force in making arrests, providing training to officers, and monitoring the situation on the ground to ensure compliance with state policies.

51.     Upon information and belief, the New Mexico Department of Public Safety, the New Mexico State Police, and its administrative officers who are named as Defendants in this action, were aware of prior instances of excessive use of force by its officers and failed to take action to prevent further incidents of use of force.

52.     Defendants' use of excessive force proximately caused Plaintiff Caballero to suffer damages and injuries, including physical injuries, pain and suffering, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiff Caballero requests compensatory and punitive damages against all Defendants together with all costs and attorney's fees.

### COUNT III- UNLAWFUL SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS (DEFENDANTS VALDEZ, AGUIRRE, DIAS, GALLEGOS)

53.     Plaintiffs incorporate paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants Valdez, Aguirre, and Dias searched Plaintiff Caballero's person in front of Plaintiffs' home on October 20, 2010 without probable cause, consent, and said search was not incident to any lawful arrest.

55.     Defendants Valdez and Aguirre searched the residence of Plaintiffs Caballero and Rivera on October 20, 2012, without probable cause, consent, or exigent circumstances.

56.     Defendants Valdez, Aguirre, Dias, and Gallegos searched Plaintiff Caballero's person in the parking lot at the state police sub-station on October 20, 2010 without probable cause, and said search was not incident to any lawful arrest.  Further, any permission that may

have been given for the search by Plaintiff Caballero was given as a result of force, violence, and coercion by the Defendants and therefore did not validly constitute consent to the search.

57.     Defendants' actions in searching Plaintiff Caballero and the residence of Plaintiffs Caballero and Rivera and the manner in which Defendants conducted these searches were objectively unreasonable, intentional, willful, wanton, and done in gross and reckless disregard of Plaintiffs' rights.

58.     Defendants were acting at all times under color of state law as law enforcement officers for the New Mexico State Police.

59.     Defendant Valdez was the ranking officer and was acting as a supervisor at the time that the officers executed the unlawful searches and observed all actions taken by his subordinate officers.

60.     Defendants' searches of Plaintiff Caballero's person, and residence of Plaintiffs Caballero and Rivera proximately caused Plaintiffs' injuries, including loss of liberty, property damage, loss of property, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Valdez, Aguirre, Dias, and Gallegos, together with all costs and attorney's fees.

## COUNT III- UNLAWFUL SEIZURE OF PROPERTY
## IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS
## (DEFENDANTS VALDEZ, AGUIRRE, DIAS, GALLEGOS)

61.     Plaintiffs incorporate paragraphs 1 through 60 as though fully set forth herein.

62.     Defendants Valdez, Aguirre, Dias and Gallegos seized Plaintiff Caballero's property on September 20, 2010, including Plaintiff Caballero's money, briefcase, and documents.

63.     This seizure took place without reasonable suspicion or probable cause to believe that the property being seized was in any way related to the commission of any crime.

64.     Defendants' actions in seizing Plaintiff Caballero's property and the manner in which Defendants conducted these searches were objectively unreasonable, intentional, willful, wanton, and done in gross and reckless disregard of Plaintiff's rights.

65.     Defendants were acting at all times under color of state law as law enforcement officers for the New Mexico State Police.

66.     Defendant Valdez was the ranking officer and was acting as a supervisor at the time that the officers unlawfully seized Plaintiff Caballero's property and observed all actions taken by his subordinate officers.

67.     Defendants' seizure of Plaintiff Caballero's property proximately caused Plaintiffs' injuries, including loss of liberty, loss of property, and psychological and emotional distress.

WHEREFORE, Plaintiff Caballero requests compensatory and punitive damages against Defendants Valdez, Aguirre, Dias, and Gallegos, together with all costs and attorney's fees.

### COUNT IV- STATE TORT CLAIMS
### (AGAINST DEFENDANTS VALDEZ, AGUIRRE, DIAS, AND GALLEGOS)

68.     Plaintiff incorporates paragraphs 1 through 67 as though fully set forth herein.

69.     Defendants Valdez, Aguirre, Dias, and Gallegos intentionally falsely arrested, assaulted, battered, falsely imprisoned, intentionally inflicted emotional distress on Plaintiff Caballero, and maliciously prosecuted Plaintiff Caballero.

70.     Defendants Valdez, Aguirre, Dias, and Gallegos converted or otherwise committed trespass to chattels with reference to Plaintiff Caballero's property, including cash, property, and paperwork taken from his person and residence and never returned to him.

71.     Defendants Valdez and Aguirre trespassed on the residence of Plaintiffs Caballero and Rivera when they entered the residence without consent, and by force and/or coercion.

72.     Defendants Valdez and Aguirre intentionally inflicted emotional distress on Plaintiff Rivera by threateningly suggesting that she lodge a false police report against her husband, entering her home without consent, scaring her young children, and otherwise scaring and intimidating her in her home while under the color of law as state police officers.

73.     The Risk Management Division, Department of Public Safety, and New Mexico State Police received actual notice of the occurrence within the meaning of the New Mexico Tort Claims Act.

74.     Defendants' actions as set forth above proximately caused Plaintiffs damages and injuries.  These damages include physical injuries, pain and suffering, lost liberty, lost wages, legal fees, and psychological and emotional distress.

75.     Defendants were acting at all times under color of state law as law enforcement officers for the New Mexico State Police.

76.     The State of New Mexico, the Department of Public Safety and New Mexico State Police, as the employers of Defendants Valdez, Aguirre, Dias, and Gallegos are vicariously liable for torts they committed within the scope and course of their duties as law enforcement officers.

WHEREFORE, Plaintiffs request compensatory damages together with all costs and fees.

## JURY TRIAL DEMAND

77.     Plaintiffs hereby demand a trial by jury.


                              Respectfully Submitted,

                              Noble & Vrapi, P.A.

                              _____/s/ Olsi Vrapi_____
                              Olsi Vrapi
                              olsi@noblelawfirm.com
                              Jessica K. Miles
                              jessie@noblelawfirm.com
                              Attorneys for Plaintiffs
                              4253 Montgomery Blvd. NE
                              Suite 240
                              Albuquerque, NM 87109
                              505-352-6660